IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: RICHARD SMITH | Case No. 3:20MJ846 (RAR) <br><br> October 1, 2020 |

**AFFIDAVIT IN SUPPORT OF**
**APPLICATIONS FOR A CRIMINAL COMPLAINT**

I, Allison M. Haimila, Special Agent of the Department of Homeland Security, being duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1. I submit this affidavit in support of a criminal complaint charging RICHARD SMITH ("SMITH") with violations of 18 United States Code §§ 2252A(a)(2) and (b)(1) (receipt of child pornography), and §§ 2252A(a)(5)(B) and (b)(2) (possession of and access with intent to view child pornography) ("the Target Offenses").

2. Richard Smith ("SMITH"), is a twice-convicted sex offender who lives at 325 River Street, Southington, Connecticut. In 1990, SMITH sexually assaulted a 13-year-old boy dozens of times over several months. SMITH produced, collected and stored sexually explicit Instamatic-type photographs of the minor at his home in his nightstand, and kept months' worth of written sexual "contracts" and "agreements" that he generated on his personal computer and had executed with the boy. A warrant to search SMITH's home was authorized and computers, cameras, contracts, floppy disks, and printers were seized by law enforcement. SMITH was convicted of risk of injury to a minor. In 1998, SMITH sexually assaulted an 8-year-old boy – a relative – and used his personal computer with the boy while naked. SMITH collected and stored child pornography at his home – several photographs depicting child pornography, depicting several

1

minors engaging in sexual acts including minor boys, were stored on the memory of his personal computer. A warrant to search SMITH's home was authorized and his computer, digital cameras and 72 zip-discs disks were seized by law enforcement. Also found was a collection of written stories about minors engaging in sexual acts, again, minor boys. SMITH was convicted of risk of injury to a minor and possession of child pornography.

3. On September 30, 2020, United States Magistrate Judge Thomas O. Farrish approved a warrant to search SMITH's residence in Southington. On October 1, 2020, I participated in a search of that residence. Smith was present at the residence. Child pornography, (as defined in 18 U.S.C. § 2256) was found at the residence, as well as evidence of SMITH's ongoing access to child pornography using the Internet, and SMITH's receipt of child pornography using the Internet.

*Agent Background*

4. I have been employed as a Special Agent of the Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI") since September 2009, and am currently assigned to the Office of the Resident Agent in Charge, Hartford, Connecticut. As part of my duties, I am authorized to investigate violations of the laws of the United States, including but not limited to criminal violations relating to the sexual exploitation of children, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of Title 18, United States Code §§ 2422, 2423, 2251, and 2252A (and conspiracy and attempt to commit the same) and I am authorized by law to request search warrants and criminal complaints.

5. As a Special Agent in the Hartford HSI office, I frequently participate in the execution of search warrants involving child exploitation and child pornography, and I work closely with both HSI and state and local forensic computer specialists throughout these investigations and prosecutions. I have received training in the area of child exploitation and child pornography and gained experience in this investigative field through my work in numerous federal investigations related to child exploitation and child pornography. I have participated in numerous investigations involving individuals suspected of sexual exploitation of children, child pornography, coercion and enticement, and transportation of minors, and have written, obtained and coordinated the execution of search and arrest warrants pertaining to individuals involved in those and other federal offenses. I have prepared numerous affidavits in support of applications for search and arrest warrants which have resulted in orders being issued by judges, including authorizations to search premises and computers, including cellular telephones, which have led to the conviction of numerous defendants for violations of federal laws, including violations relating to child exploitation and child pornography. In addition to my training in the area of child exploitation and child pornography, I have had, in my investigative capacity, the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) on digital forms of media, including computer media.

6. The statements in this affidavit are based in part on information provided by federal agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, including foreign law enforcement agencies; information gathered from the service of administrative subpoenas and summonses; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by federal agents/analysts and computer forensic professionals; and my

3

experience, training, and background as a Special Agent with HSI. This affidavit is intended to show merely that there is sufficient probable cause for the issuance of a criminal complaint, and does not set forth all of my knowledge about this matter.

*Background Investigation*

7.  A foreign law enforcement agency ("FLA") provided information to HSI that a Tor-hidden-service-website dedicated to child exploitative images and child pornography was accessed on April 12, 2019 by an internet-connected computer using IP address 32.211.252.230. IP address 32.211.252.230 is owned and operated by Frontier Communications, an internet service provider. IP address 32.211.252.230 has been assigned to the customer account of a Richard E. Smith since 2018, and is still active. The physical address associated with the customer account and with IP address 32.211.252.230, from 2018 to present, was SMITH's residence at 325 River Street in Southington, Connecticut.

8.  Based upon this information and other information learned as part of my investigation, I applied for a warrant to search Smith's residence, 325 River Street Southington, Connecticut. On September 30, 2020, a United States Magistrate Judge approved a warrant to search SMITH's residence. *See* 3:20MJ839 (TOF) (filed under seal).

*Search Warrant Execution*

9.  On October 1, 2020, at approximately 10:20 am, I executed the search warrant at Smith's residence with other HSI agents and investigators, and members of the Southington Police Department. Upon HSI investigators knocking at the door and identifying themselves, SMITH

4

answered and opened the side door to the residence. HSI investigators informed SMITH that they had a warrant to search the residence.

10. I accompanied SMITH to an outdoor seating area while the search was conducted. I showed SMITH my HSI credentials and read SMITH his rights, commonly referred to as *Miranda* warnings. At this point, SMITH was not in custody nor was he under arrest, and I informed SMITH that he was not under arrest. SMITH signed a written waiver and stated that he would speak with me and members of law enforcement.

11. SMITH told me, and other members of law enforcement with me, that he had a computer that was located upstairs in the house. SMITH said the computer was on and running. HSI investigators went upstairs and located the computer. The computer was found on, running, and connected to the Internet. The computer had four different screens or monitors connected to it. The computer was, at the time it was located by investigators, connected to a "dark web" Tor hidden-service-website called "Boys Town."[1] The Boys Town website was dedicated to child pornography, specifically that of minor boys, and allows access to child pornography. The Boys

---

[1] The Tor network is a computer network available to Internet users designed specifically to facilitate anonymous communication over the Internet. The Tor network is included in an area of the internet commonly referred to as the "dark web" because it is not publicly indexed on popular search engine websites (e.g., Google). The Tor network attempts anonymity by routing Tor-user communications through a globally distributed network of intermediary computers, or relays, along a randomly assigned path known as a "circuit." To access the Tor network, a user must install Tor software to the user's computer. This is most easily done by downloading and installing the free "Tor browser" from the Tor Project, the private entity that maintains the Tor network, via their website at www.torproject.org. The Tor Network also makes it possible for users to operate websites that are accessible only to users operating within the Tor network. Such websites are called "hidden services" or "onion services." They operate in a manner that attempts to conceal the true IP address of the computer hosting the website. Hidden-services-websites often attempt anonymity to prevent their host servers from being seized or shut down by governments or law enforcement, whether or not they are used for illegal purposes (e.g., sites that host dissident political speech, sites that host child pornography).

Town website contained both files and file names indicative of available child pornography. I believe the Boys Town website can be used to access and receive child pornography.

12. One of the computer screens displayed a Microsoft Excel file saved to SMITH's computer. The Excel spreadsheet was dedicated to the collection and organization of child pornography. The spreadsheet included tabs labeled "V-adolescents," "V-toddlers," and "V-kindergarten," indicative of different categories of child pornography saved to the computer. The Excel spreadsheet contained filenames depicting child pornography, Internet hyperlinks which I believe were used to track the website and location from which the images were downloaded, and a date, which I believe was the date the files were downloaded.

13. An additional computer screen revealed thumbnail images depicting minor boys engaging in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)). Specifically, the images depicted boys who appeared to be between eight-years old and fifteen-years old engaging in oral sex, anal sex, masturbation and displaying their genitals in a lewd and lascivious display.

14. Three videos associated with the thumbnail images visible on the additional computer screen were opened and viewed and are described as follows. One video file – Omegle 13yo long slender cums on bed sound.mp4 – was a ten-minute long video which depicted a minor boy, approximately twelve-years old to fourteen-years old, remove his clothing and masturbate until ejaculation. Another video file – 2015_BestOfBoy_HQ_Fuck_n_Cum(World_Of_Boys)_@320x240_Part01.mp4 – was a ten-minute long video that included a compilation of videos of minor boys ranging in age from approximately four-years old to twelve-years old engaging in oral sex, anal sex, masturbation and displaying their genitals in a lewd and lascivious way. A third video file –

2015_BestOfBoy_HQ_Fuck_n_Cum_(World_Of_Boys)_@1280x720_Part04.mp4 – was a four-minute long video that included a compilation of videos of minor boys ranging in age from approximately three-years old to eight-years old engaging in oral sex, anal sex, and masturbation.

15. Software contained on SMITH's computer was found which I believe he used to collect, hoard and organize child pornography, in addition to software used to access Tor hidden-service-websites. An initial review of that software reveals SMITH's computer may contain approximately 4.4 million files (images and video files) depicting child pornography. SMITH's computer was seized, along with other electronic devices. Forensic analysis of SMITH's computer will be conducted as part of this on-going investigation.

16. At approximately 2:00 p.m., I placed SMITH under arrest.

17. Based on the facts set forth in this affidavit, I believe there is probable cause to issue a criminal complaint charging SMITH with violations of 18 United States Code §§ 2252A(a)(2) and (b)(1) (receipt of child pornography), and §§ 2252A(a)(5)(B) and (b)(2) (possession of and access with intent to view child pornography).

## CONCLUSION

18.     Based on the foregoing, I submit that there is probable cause to issue a criminal complaint charging SMITH with the Target Offenses.

Respectfully submitted,

ALLISON M HAIMILA
Digitally signed by ALLISON M HAIMILA
Date: 2020.10.01 15:29:35 -04'00'

Allison M. Haimila
Special Agent
Homeland Security Investigations

The truth of the foregoing affidavit, which was transmitted to me by reliable electronic means, has been attested to me by Special Agent Allison M. Haimila over the telephone on this 1st day of October, 2020, at Hartford, Connecticut

Robert A. Richardson
Digitally signed by Robert A. Richardson
Date: 2020.10.01 15:36:24 -04'00'

HONORABLE ROBERT A. RICHARDSON
UNITED STATES MAGISTRATE JUDGE